IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG

**WILLIAM CUNNINGHAM,**

    **Petitioner,**

**v.**                                      **Case No. 6:10-cv-00054**

**COL. TIMOTHY PACK[1],**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

On January 20, 2010, Petitioner filed a petition for declaratory judgment (docket # 1), seeking a declaration that the West Virginia Sex Offender Registration Act ("SORNA" or "the Act"), W. Va. Code § 15-12-1 *et seq.*, is in violation of the Ex Post Facto Clause of the Constitution of the United States and the West Virginia Constitution. Pending before the court is Petitioner's Application to Proceed <u>in forma pauperis</u> (# 2). Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), where the petitioner seeks to proceed <u>in forma pauperis</u> (without prepayment of fees), the court shall dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious;

---

[1] Col. Timothy Pack is the Superintendent of the West Virginia State Police, who is sued in his official capacity.

(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555.

The Supreme Court further explained its holding in Twombly in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550

> U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.[2]

Because Petitioner is pro se, the court "is obliged to construe his pleadings liberally and search for any 'set of facts in support of his claim which would entitle him to relief.'" Materson v. Stokes, 166 F.R.D. 368, 372 (E.D. Va. 1996) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)).

The Petition reads as follows:

> The petitioner has to register as a sex offender in the State of West Virginia in accordance with WVC § [1]5-12 et seq. In Hev[]ner v. Indiana, [919] N.E.2d [109] (2010), the [S]upreme [C]ourt of Indiana declared that the Indiana SORNA was ex post facto punishment. The petitioner believes he is a similarly situated person and that the WV SORNA is also; being substantially like the Indiana SORNA, unconstitutional if not directly of its

---

[2] A motion to dismiss has not been filed in this case yet. Such a motion, filed pursuant to Rule 12(b)(6), Fed. R. Civ. P., asserts that the complaint fails "to state a claim upon which relief can be granted," which is the same standard set forth in 28 U.S.C. § 1915(e)(2)(B).

3

> face. * * * The petitioner moves the court to evaluate his claims concerning the WV SORNA using the "intent-effects" test.
>
> * * *
>
> The petitioner requests a declaratory judgment in his favor and MOVES for such. This way the petitioner can be clear of his rights and responsibilities. The petitioner asks for judgment under the US Const and WV Const and considers this a federal question. The judgment should require persons who haven't in their final order in WV trial courts, been ordered to register as a sex offender need not do so. And the State not make such persons do so.

(# 1, at 1-3.)

The issue of whether sex offender registration laws, whether federal or state, violate the Ex Post Facto Clause of the Constitution of the United States with respect to persons who were convicted of sex offenses prior to the enactment of the registration laws, has been addressed by several courts. The cases have concluded that a sex offender registration requirement is a civil scheme that is not subject to the Ex Post Facto Clause. Smith v. Doe, 538 U.S. 84, 105-06 (2003) (Alaska's registration requirement is nonpunitive and does not violate the Ex Post Facto Clause); United States v. Talada, 631 F. Supp.2d 797, 805-09 (S.D. W. Va. 2009 (Federal SORNA applied to defendant convicted of sex offense before enactment of SORNA does not violate Ex Post Facto Clause).

The Supreme Court of Appeals of West Virginia held, in Hensler v. Cross, 558 S.E.2d 330 (W. Va. 2001), Syl. pt. 5, that the Act is

4

a regulatory statute which does not violate the West Virginia Constitution's prohibition against *ex post facto* laws.  In Haislop v. Edgell, 593 S.E.2d 839 (W. Va. 2003), Syl. pt. 5, the Supreme Court of Appeals ruled that the Act's requirement of lifetime registration and public dissemination of certain information about life registrants, also does not violate the *ex post facto* clause of the West Virginia Constitution.

In a case filed by this plaintiff, this Court has ruled that restriction of all lifetime registered sex offenders from being eligible for federal housing assistance, as required by 42 U.S.C. § 13663, does not violate the Constitution of the United States. Cunningham v. Parkersburg Housing Auth., No. 6:05-cv-00940, 2007 WL 712392 *1, 12 (S.D. W. Va. Mar. 6, 2007).  In another case filed by this plaintiff, Cunningham v. West Virginia, No. 6:06-cv-00169, 2007 WL 895866 *1, 11 (S.D. W. Va. Mar. 22, 2007), this Court held that the Act is regulatory in nature and its retroactive application does not violate the Ex Post Facto Clause of the Constitution of the United States.

Petitioner argues in his petition that this Court should follow the reasoning of the Supreme Court of Indiana in Hevner v. Indiana, 919 N.E.2d 109, 113 (2010), in which that Court held that the Indiana Sex Offender Registration Act "violates the prohibition on ex post facto laws contained in the Indiana Constitution because it imposes burdens that have the effect of adding punishment beyond

that which could have been imposed when the crime was committed." The Indiana Constitution is neither the West Virginia Constitution nor the Constitution of the United States.  The <u>Hevner</u> decision carries little to no weight in light of the existing authority which upholds the Act under both the West Virginia Constitution and the Constitution of the United States.

The undersigned proposes that the presiding District Judge **FIND** that the petition for declaratory judgment (# 1) fails to state a claim upon which relief may be granted.  Thus, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the Petition with prejudice under 28 U.S.C. § 1915(e)(2)(B) and **DENY** Petitioner's Application to Proceed <u>in</u> <u>forma</u> <u>pauperis</u> (# 2).

Petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for

good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de</u> <u>novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Chief Judge Goodwin.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner.

  February 4, 2010                                                     /s/ Mary E. Stanley
       Date                                                           Mary E. Stanley
                                                                      United States Magistrate Judge